IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS M. BALDRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-273 |
| | ) | District Judge Arthur J. Schwab |
| v. | ) | Chief Magistrate Judge Maureen P. Kelly |
| | ) | |
| AMICA MUTUAL INSURANCE | ) | |
| COMPANY, | ) | Re: ECF No. 4 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

Plaintiff Carlos M. Baldridge ("Plaintiff") initiated this action on February 24, 2017, in

the Court of Common Pleas of Allegheny County, Pennsylvania, seeking damages from

Defendant Amica Mutual Insurance Co. ("Defendant") for Defendant's alleged breach of

contract and bad faith for failing to pay Plaintiff the sum of $1,200,000 in underinsured motorist

coverage.  Defendant removed the case to this Court on March 2, 2017, based on diversity of

citizenship of the parties and an amount in controversy in excess of $75,000.  On March 8, 2017,

Plaintiff filed a Motion to Remand Pursuant to 28 U.S.C. §§ 1332(a)(1) and (c)(1), ECF No. 4,

which is presently before the Court.  For the following reasons, it is respectfully recommended

that the Motion to Remand be denied.

**II.     REPORT**

A defendant in a civil action brought in state court has a statutory right to remove the

action to federal court if the claims brought by the plaintiff could have been brought originally in

federal court.  See 28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1332 (a)(1), "[t]he district courts

shall have original jurisdiction of all civil actions where the matter in controversy exceeds the

sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different

States." Thus, under the statutory scheme, if the defendant removes a case to federal court based

upon diversity of citizenship, "a proper exercise of federal jurisdiction requires satisfaction of the

amount in controversy requirement as well as complete diversity between the parties, that is,

every plaintiff must be of diverse state citizenship from every defendant." In re Briscoe, 448

F.3d 201, 215 (3d Cir. 2006).

It is undisputed in this case that the amount in controversy exceeds $75,000. ECF No. 4

¶ 13; ECF No. 6 ¶ 13. It is also undisputed that Plaintiff is a citizen of Pennsylvania and resides

in Allegheny County, Pennsylvania, and that Defendant is an insurance company with its

principal place of business in Lincoln, Rhode Island. ECF No. 4 ¶¶ 2, 3; ECF No. 6 ¶¶ 2, 3.

Plaintiff nevertheless contends that complete diversity is lacking that under 28 U.S.C. §

1332(c)(1)(A), which provides that:

> **(1)** a corporation shall be deemed to be a citizen of every State and foreign
> state by which it has been incorporated and of the State or foreign state
> where it has its principal place of business, except that in any direct action
> against the insurer of a policy or contract of liability insurance, whether
> incorporated or unincorporated, to which action the insured is not joined as
> a party-defendant, such insurer shall be deemed a citizen of-- **(A)** every
> State and foreign state of which the insured is a citizen.

Plaintiff argues that because he is the insured in this case and not joined as a party-defendant,

and because Defendant is the insurer of the automobile insurance policy in this direct action,

Defendant is deemed a citizen of Pennsylvania, thereby destroying diversity and depriving this

Court of subject matter jurisdiction.

Plaintiff, however, misconstrues the meaning of "direct action" as that term is used in

Section 1332 (c)(1). As the District Court for the Southern District of Ohio has observed:

> [A] "direct action" for purposes of this section [is] one "in which a party
> suffering injuries or damage for which another is legally responsible is

2

> entitled to bring suit against the other's liability insurance without joining
> the insured or first obtaining a judgment against him." *Beckham v. Safeco
> Ins. Co. of America*, 691 F.2d 898, 901–02 (9th Cir. 1982). In other words,
> this direct action exception that destroys diversity exists only where a third-
> party tort victim forgoes suing the tortfeasor in favor of instead suing the
> tortfeasor's liability insurer directly. This is the universal rule. *See, e.g.,
> Myers v. State Farm Ins. Co.*, 842 F.2d 705, 707 (3d Cir. 1988); *Fortson v.
> St. Paul Fire & Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir. 1985), *reh.
> denied*, 757 F.2d 287; *White v. United States Fidelity and Guaranty Co.*,
> 356 F.2d 746, 747–48 (1st Cir. 1966).

Peterson v. TIG Specialty Ins. Co., 211 F. Supp. 2d 1013, 1015 (S.D. Ohio 2002), *quoting*

Vargas v. Cal. State Auto. Ass'n Inter–Ins. Bureau, 788 F. Supp. 462, 463 (D. Nev. 1992).

Thus, "[c]ourts have consistently interpreted 'direct action' to include only tort actions brought

by third parties against the insurer—as a substitute for the insured tortfeasor"). Id., *citing*

Bowers v. Cont'l Ins. Co., 753 F.2d 1574, 1576 (11th Cir. 1985); Kimball Small Props. v. Am.

Nat'l Fire Ins., 755 F. Supp. 1465 (N.D. Cal. 1991); McGlinchey v. Hartford Accident & Indem.

Co., 666 F. Supp. 70, 71 (E.D. Pa. 1987), *aff'd*, 866 F.2d 651 (3d Cir. 1989). See Travelers

Indem. Co. v. Bailey, 557 U.S. 137, 143 n.2 (2009) ("[a] true 'direct action' suit is a lawsuit by a

person claiming against an insured but suing the insurer directly instead of pursuing

compensation indirectly through the insured," and that suits seeking to "hold [the insurer] liable

for independent wrongdoing rather than for a legal wrong by [the insured] . . . are not direct

actions in the terms of strict usage") (citation, internal quotation marks, and brackets omitted).

Courts within the Third Circuit are no exception. See e.g. Brooks-McCollum v. State

Farm Ins. Co., 321 F. App'x 205, 208 (3d Cir. 2009), *aff'd sub nom.* McCollum v. State Farm Ins.

Co., 376 F. App'x 217 (3d Cir. 2010) ("a 'direct action,' as that term is used in § 1332(c), does

not exist 'unless the cause of action against the insurance company is of such a nature that the

liability sought to be imposed could be imposed against the insured,' and it does not include suits

by an insured against his or her own insurer"); Myers v. State Farm Ins. Co., 842 F.2d at 707,

*abrogated on other grounds by* <u>Brennan v. Gen. Accident Fire and Life Assurance Corp.</u>, 574 A.2d 580 (Pa. 1990) (finding that a suit between an insured, as an injured party, and an insurer is not a "direct action" as contemplated by 28 U.S.C. § 1332(c)(1) because the insurer's status is not that of a "payor of a judgment based on the negligence of one of its insureds" (citation and internal quotation marks omitted); <u>Chiaravalle v. Imperium Ins. Co.</u>, No. 13-1818, 2013 WL 4012552, at *3 (D.N.J. Aug. 2, 2013) ("[d]efendant correctly points out that 'direct actions' under § 1332(c) are confined to cases where a statute authorizes an injured party to bring a suit against a tortfeasor's liability insurer without joining the insured"); <u>Walborn v. Szu</u>, No. 08-6178, 2009 WL 983854, at *4 (D.N.J. Apr. 7, 2009) (stating that "the term 'direct action' does not encompass cases such as this one, where an insured brings suit against his or her own insurance company for benefits that were allegedly withheld" because "it is limited to tort actions in which an injured party brings suit directly against the tortfeasor's insurance company"); <u>Moorehead v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA</u>, No. 07-3104, 2007 WL 2790768, at *4 (D.N.J. Sept. 24, 2007), *quoting* <u>State Farm Ins. Co. v. Evans</u>, 712 F. Supp. 57, 58 (E.D. Pa. 1989) ("[w]ithin the meaning of the statute, the term 'direct action' includes 'those cases in which a party suffering injuries or damages for which another is legally responsible is entitled to bring suit against the other's liability insurance without joining the insured or first obtaining a judgment against him'"); <u>McGlinchey v. Hartford Acc. & Indem. Co.</u>, 666 F. Supp. at 71 ("'[d]irect actions' in this sense are limited to cases where a party sues an insurer, on the basis of an insured's liability, without joining or first obtaining a judgment against the insured. Section 1332(c) was passed in response to state laws that permitted an injured party to sue an insurance carrier directly as the real party in interest without bringing suit against the tortfeasor whose actions had caused injury. The statute refers to cases where the insured is not a defendant—it

4

was not intended to cover a case where the insured is the plaintiff"). <u>See</u> <u>also</u> <u>Carevel, LLC v.</u>

<u>Aspen Am. Ins. Co.</u>, No. 13-7581, 2014 WL 1922826, at *3 (D.N.J. May 14, 2014); <u>Davis v.</u>

<u>OneBeacon Ins. Grp.</u>, 721 F. Supp. 2d 329, 335 (D.N.J. 2010).

Section 1332(c)(1) therefore does not apply to the instant case and does not serve to

defeat diversity between the parties or the jurisdiction of this Court.  Thus, it is respectfully

recommended that the Motion to Remand submitted on behalf of Plaintiff, ECF No. 4, be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule

72.D.2, the parties are permitted to file written objections in accordance with the schedule

established in the docket entry reflecting the filing of this Report and Recommendation.  Failure

to timely file objections will waive the right to appeal.  <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193

n.7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections

within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,


/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE


Dated: May 8, 2017


cc:      The Honorable Arthur J. Schwab
         United States District Judge

         All counsel of record by Notice of Electronic Filing